IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANDREW C. CURTIN,** *et al.***,** | * | |
|    **Plaintiffs,** | * | |
| v. | * | CIV. NO. JKB-20-921 |
| **CYPRUS AMAX MINERALS CO.,** *et al.***,** | * | |
|    **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

The family members of decedent Cynthia Cartwright sued Defendants Cyprus Amax Minerals Company (Cyprus), Avon Products, Inc. (Avon), and Johnson & Johnson Consumer Inc. (JJCI), alleging that Defendants' talcum powder caused Ms. Cartwright's fatal mesothelioma. Cyprus and Avon have each moved to dismiss on personal jurisdiction grounds (ECF Nos. 12, 16) and JJCI has moved for partial judgment on the pleadings (ECF No. 21). Plaintiffs have not opposed any of these motions. Instead, Plaintiffs have moved to voluntarily dismiss the matter without prejudice, so that they may refile in a more suitable jurisdiction. (ECF No. 22.) JJCI has opposed this motion (ECF No. 26) and has also filed an additional motion seeking leave to file a surreply (ECF No. 29). The Court is satisfied that the various motions are ripe for disposition, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court will grant Cyprus's and Avon's motions and dismiss the claims against those Defendants without prejudice. The Court will also grant Plaintiffs' motion to voluntarily dismiss the claims against JJCI without prejudice, deny JJCI's motion for leave to file a surreply, and deny JJCI's motion for judgment on the pleadings as moot.

1

## I.     *Background*

On February 2, 2017, Cynthia Cartwright was diagnosed with mesothelioma. (Compl. ¶ 4, ECF No. 1-2.) She died as a result of the condition on April 14, 2017. (*Id.*) On March 3, 2020, her surviving family members—Andrew C. Curtin, Laura Elizabeth Curtin, Delaney Ann Curtin, Charles Hugh Cartwright, and Betty Ann Cartwright—sued Defendants in the Circuit Court for Baltimore City, bringing both wrongful death claims and survival action claims. (Compl.) Plaintiffs allege that asbestos-contaminated talcum powder jointly manufactured, marketed, and sold by Defendants caused Ms. Cartwright's fatal mesothelioma. (*Id.*)

The Complaint does not establish any connection between the dispute and the State of Maryland. At the time of her death, Cynthia Cartwright was a Maine resident. (Mot. for Voluntary Dismissal ¶ 4, ECF No. 22.) Before that, she lived in Michigan and New York. (*Id.*) The Complaint does not allege that she ever used Defendants' products in Maryland, or resided in the state. Plaintiffs reside in Maine, Massachusetts, Hawaii, and Michigan. (Compl.) JJCI is incorporated and has its principal place of business in New Jersey. (Not. Removal at 3, ECF No. 1.) Cyprus is a Delaware corporation with its principal place of business in Arizona. (*Id.*) Avon is incorporated and has its sole American office in New York. (Abravanel Aff. ¶¶ 4–7, Avon Mot. Ex. C, ECF No. 16-4.)

On April 7, 2020, JJCI answered the Complaint. (ECF No. 1-3.) The next day, JJCI removed the litigation to this Court. (Not. Removal.) A week later, on April 15, Cyprus moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) on the grounds that the Court lacks personal jurisdiction over Cyprus. (ECF No. 12.) That same day, Avon also moved to

dismiss, claiming a lack of personal jurisdiction and arguing in the alternative that Plaintiffs had failed to state a claim. (ECF No. 16.)

> On April 24, counsel for Plaintiffs emailed defense counsel with the following message:
>
> My co-counsel and I are in agreement that the case more properly belongs in Maine, and we are inclined to dismiss and re-file there. Please advise whether you stipulate to the attached dismissal under Rule 41(a)(1)(A), or whether I need to pursue a court order under Rule 41(a)(2).

(Mot. for Voluntary Dismissal Ex. 1, ECF No. 22-1.) On April 27, 2020, JJCI moved for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 21.) JJCI argued that pursuant to Maryland's three-year statute of limitations for tort claims, Plaintiffs' survival action claims must be dismissed as untimely, since Ms. Cartwright was diagnosed with mesothelioma on February 2, 2017, and Plaintiffs did not bring suit until March 3, 2020. JJCI did not argue that the wrongful death claims should be dismissed, implicitly recognizing that those claims accrued no earlier than Ms. Cartwright's death on April 14, 2017.

The next day, Plaintiffs moved for voluntary dismissal without prejudice pursuant to Rule 41(a)(2). (ECF No. 22.) Plaintiffs noted that the dispute has no connection to Maryland and that Maine's six-year statute of limitations for most tort claims would enable Plaintiffs to re-file in Maine. *See* Me. Rev. Stat. Ann. tit. 14, § 752 (2019). JJCI opposed the motion, arguing primarily that the loss of the statute of limitations defense to the survival action claims would be too prejudicial to JJCI for dismissal without prejudice to be permitted. (ECF No. 26.) Plaintiffs filed a reply brief, arguing that the Maine statute of limitations would apply even if the matter were to proceed in Maryland, and that re-filing in Maine would not actually provide Plaintiffs a tactical advantage. (ECF No. 27.) JJCI then sought leave to file a surreply, seeking to contest Plaintiffs' claim that the Maine statute of limitations applies in this litigation. (ECF No. 29.) Plaintiffs filed

3

an opposition to the proposed surreply, re-treading familiar ground. (ECF No. 30.) Neither Cyprus nor Avon filed an opposition to Plaintiffs' motion.

## II. Analysis

### A. *Cyprus's and Avon's Motions to Dismiss*

The Court will grant Cyprus's and Avon's motions to dismiss on personal jurisdiction grounds. The dismissal will be without prejudice, since the Court's finding that it lacks jurisdiction over the dispute is not a merits adjudication.

When a defendant moves for dismissal under Rule 12(b)(2), a federal district court must determine whether the defendant's contacts with the state in which the court sits are "sufficient to support the district court's exercise of personal jurisdiction." *Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). General personal jurisdiction exists if the defendant maintains "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 416 (1984). With a corporate defendant, general jurisdiction typically exists exclusively in the defendant's state of incorporation and its principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 137–38 (2014). Alternatively, a court can also exercise specific personal jurisdiction if "the defendant's suit-related conduct[] create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Here, it is undisputed that neither Cyprus nor Avon is incorporated or maintains its principal place of business in Maryland. Further, Plaintiffs have alleged no connection between the events at issue and the State of Maryland. Indeed, Plaintiffs have specifically admitted that "[t]here was no exposure [to Defendants' talcum powder] in Maryland," and that Ms. Cartwright

never resided in Maryland for any period. (Mot. for Voluntary Dismissal ¶ 4.) As such, dismissal on personal jurisdiction grounds is manifestly warranted.

Dismissal will be granted without prejudice. It is well established that a ruling that a court lacks personal jurisdiction over a dispute "does not dismiss the case on the merits." *Pandit v. Pandit*, No. 19-1045, 2020 WL 1815725, at *2 n.3 (4th Cir. Apr. 9, 2020). Accordingly, since the Court finds that it lacks the authority to adjudicate the merits of Plaintiffs' claims against Cyprus and Avon, the dismissal as to these Defendants is without prejudice.

The Court notes that, as a technical matter, Plaintiffs' oppositions to Cyprus's and Avon's motions have not yet come due. In light of the COVID-19 pandemic, this Court has extended "all filing deadlines originally set to fall between March 16, 2020, and June 5, 2020, by eighty-four (84) days," and as such, Plaintiffs still have several weeks to respond to these motions. *In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-11 (D. Md. May 5, 2020). However, the Court is satisfied that by filing their motion for voluntary dismissal and acknowledging the lack of connection between this dispute and Maryland, Plaintiffs have effectively waived any objection to dismissal without prejudice on personal jurisdiction grounds.

### B. *Plaintiffs' Motion for Voluntary Dismissal*

The Court will also grant Plaintiffs' motion to voluntarily dismiss the claims against JJCI without prejudice. Though it is possible that JJCI may lose a tactical advantage as a result, the Court finds that the totality of the circumstances favors dismissal without prejudice.

Preliminarily, the Court denies JJCI's motion to file a surreply. Although the Court has discretion to permit surreplies under Local Rule 105.2(a), they "are generally disfavored" outside of rare instances in which a movant raises new arguments in a reply brief. *EEOC v. Freeman*, 961

F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part sub nom. E.E.O.C. v. Freeman*, 778 F.3d 463 (4th Cir. 2015). Both of the "new arguments" JJCI identifies are actually responses to arguments raised by JJCI in its opposition brief, and JJCI is not entitled to the last word. As such, the motion for leave to file a surreply is denied.[1]

Moving to the substance of Plaintiffs' request, Federal Rule of Civil Procedure 41(a)(2) establishes that once a defendant has filed an Answer "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Fourth Circuit has held that a "plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986); *see also Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (Courts should "freely[] allow voluntary dismissals unless the parties will be unfairly prejudiced."). The Fourth Circuit has identified four relevant factors to consider when determining whether a defendant would be unfairly prejudiced by a voluntary dismissal: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, *i.e.*, whether a motion for summary judgment is pending." *Gross v. Spies*, 133 F.3d 914 (4th Cir. 1998) (Table).

In this case, each of these factors weighs heavily in favor of granting dismissal without prejudice. First, discovery has not yet commenced, and the parties have spent little effort on this litigation to date. Second, Plaintiffs have not committed excessive delay. Though the Court is at

---

[1] Nonetheless, the Court agrees with JJCI that Maryland's statute of limitations applies in this proceeding. *C.f. Johnson-Howard v. AECOM Special Missions Servs., Inc.*, Civ. No. GJH-19-614, 2020 WL 263492, at *7 (D. Md. Jan. 17, 2020) (explaining that "Maryland courts almost universally view issues pertaining to the statute of limitations as procedural, not substantive" and that the Maryland statute of limitations therefore applies to a common law tort claim in this District) (internal quotations and citations omitted).

a loss regarding Plaintiffs' reasons for filing this lawsuit in Maryland in the first instance, Plaintiffs promptly sought JJCI's agreement to voluntary dismissal after Avon and Cyprus filed their Rule 12(b)(2) motions, then expeditiously sought relief from the Court when JJCI denied its consent. Third, the need for dismissal is clear.  If voluntary dismissal is not granted, Plaintiffs could be required to proceed with two separate lawsuits in relation to a single harm: one lawsuit against JJCI in this Court, and a second against Avon and Cyprus in another forum.  Unnaturally splitting this dispute in that manner would be highly inefficient and pose a host of complex issues.  Fourth, this litigation is in the very early stages.  As noted, discovery has not yet commenced, and no summary judgment motion is pending.  Further, though JJCI has filed a Rule 12(c) motion for partial judgment on the pleadings, the Court notes that JJCI did so only after Plaintiffs' counsel notified JJCI of its intent to voluntarily dismiss.

    Nonetheless, JJCI contends that because permitting Plaintiffs to voluntarily dismiss and refile in Maine would deprive JJCI of a statute of limitations defense on the survival action claims, dismissal without prejudice is inappropriate.  JJCI argues that even though the four factors identified by the Fourth Circuit all favor dismissal without prejudice, the Court should determine that depriving JJCI of a valid statute of limitations defense to Plaintiffs' survival action claims would be *per-se* prejudicial.

    As JJCI points out, the Fifth, Seventh, and Eighth Circuits have all found that a defendant's loss of a valid statute of limitations defense can constitute plain legal prejudice requiring denial of a Rule 41(a)(2) motion.  (*See* JJCI Opp'n at 8, ECF No. 26.)  However, the Fourth Circuit has not ruled on this issue, and the Eleventh Circuit has held that "the loss of a valid statute of limitations defense [does not] constitute a bar to a dismissal without prejudice." *McCants v. Ford Motor Co.*, 781 F.2d 855, 859 (11th Cir. 1986); *see also Arias v. Cameron*, 776 F.3d 1262 (11th Cir. 2015).

Further, in *Wilson v. Eli Lilly & Co.*, 222 F.R.D. 99 (D. Md. 2004), Judge Davis of this District adopted the Eleventh Circuit's view, persuasively reasoning that a defendant's loss of "the benefit of an arguably favorable limitations defense" does not create "an unsurmountable barrier to an otherwise proper Rule 41(a)(2) dismissal." *Id.* at 101.

After careful review of the cases cited and the record, the Court is unconvinced that the prejudice to JJCI resulting from the loss of the statute of limitations defense is so great that it precludes voluntary dismissal without prejudice. Preliminarily, the Court is skeptical of JJCI's argument that JJCI would suffer harm if this case is dismissed without prejudice and Plaintiffs are permitted to seek relief in Maine. To start, it is unclear based on the record currently before the Court whether Plaintiffs' survival action claims actually are barred by Maryland's three-year statute of limitations for tort lawsuits. Though the Complaint specifies that Ms. Cartwright was diagnosed with mesothelioma on February 2, 2017, it does not make clear at what point she and her estate were put on notice of the alleged causal connection between the use of Defendants' talcum powder and development of mesothelioma. Since the operative date for the purposes of Maryland's "discovery rule," is the date of notice regarding both the injury and the cause of injury, the record is therefore uncertain whether the survival action claims are truly untimely.[2] *See Duffy v. CBS Corp.*, 182 A.3d 166, 181 (Md. 2018) ("[I]n situations involving the latent development of disease, a plaintiff's cause of action accrues when he ascertains, or through the exercise of reasonable care and diligence should have ascertained, the nature *and cause* of his injury.") (emphasis added) (quoting *Harig v. Johns–Manville Prods. Corp.*, 394 A.2d 299, 306 (Md. 1978)). Additionally, as Plaintiffs point out, though Maine's statute of limitations for survival actions is

---

[2] Contrary to JJCI's assertion, Plaintiffs have not waived the right to contest this issue, since Plaintiffs' opposition to JJCI's motion for judgment on the pleadings has not yet come due as a result of the aforementioned general extension to all filing deadlines.

8

more charitable than Maryland's, its wrongful death statute's two-year statute of limitations could render Plaintiffs' wrongful death claims, which are unquestionably timely under Maryland law, untimely in a Maine litigation. *See* Me. Rev. Stat. Ann. tit. 18-C, § 2-807 (2019). Therefore, even if Plaintiffs' survival action claims would be saved by permitting Plaintiffs to refile in Maine, it remains unclear that JJCI's exposure would be any greater in a Maine lawsuit than in this litigation.

Further, even granting JJCI's premise that allowing Plaintiffs to pursue their case against JJCI in Maine could deprive JJCI of an unearned legal advantage, the Court finds that the totality of the circumstances still supports permitting dismissal without prejudice. Given the strength with which the factors enumerated by the Fourth Circuit press for dismissal, the Court finds the reasoning provided by the Eleventh Circuit and Judge Davis compelling. As such, the Court will dismiss the claims against JJCI without prejudice.

### *III. Conclusion*

For the foregoing reasons, an order shall enter dismissing the claims against all Defendants without prejudice.

DATED this 12th day of June, 2020.

BY THE COURT:

/s/

James K. Bredar
Chief Judge